SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@semnarlawfirm.com
Jared M. Hartman (SBN 254860)
jared@jmhattorney.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, LASHAUNDA WATSON

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| LASHAUNDA WATSON, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>NAVIENT SOLUTIONS, INC.; TRANS UNION, LLC; and DOES 1-10;<br><br>          Defendant. | Case No.:  5:16-cv-02425-CAS-KK<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br>1. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br>2. **FEDERAL FAIR CREDIT REPORTING ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE CALIFORNIA SUPERIOR COURT JUDGE:

   Plaintiff, LASHAUNDA WATSON, an individual, by and through his attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows.

**INTRODUCTION**

   1.   LASHAUNDA WATSON, ("Plaintiff"), by and through her attorneys, brings this Complaint to challenge the actions of Defendant NAVIENT SOLUTIONS, INC. ("Defendant NAVIENT") for reporting inaccurate information on Plaintiff's credit report to the credit reporting agencies, as well as NAVIENT's and Defendant TRANS UNION, LLC's ("Defendant TU") failure to conduct a reasonable investigation into a

1
**First Amended Complaint for Damages and Injunctive Relief**

1 written dispute, all of which have caused Plaintiff damages.

2. This action arises out of Defendant NAVIENT's violations of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA"), and both Defendants' violations of the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("FCRA").

## JURISDICTION & VENUE

4. This action arises out of Defendants' violations of the FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

5. Because Defendants regularly conducts business within the State of California, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the County of San Bernardino, City of Rialto, and witnesses are present within the County of San Bernardino, venue properly lies in this court.

## PARTIES & DEFINITIONS

7. Plaintiff is a natural person whose permanent residence is in the City of Rialto, County of San Bernardino, State of California.

8. NAVIENT regularly does business in the County of San Bernardino, State of California and maintains an agent for service of process at 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO CA 95833.

9. Defendant TU is physically located in the City of Chicago, but regularly does business in the State of California.

10. Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

11. The causes of action herein pertain to Plaintiff's "consumer credit reports",

as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

12. The causes of action herein also pertain to Plaintiff's "'consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

13. Defendant TU is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for

the purpose of preparing or furnishing consumer report.

14. Defendants are each a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

## FACTUAL ALLEGATIONS

15. At some point prior to July of 2016, Plaintiff obtained a student loan that was being serviced by NAVIENT.

16. In July of 2016, Plaintiff paid off her student loan being serviced by NAVIENT in full.

17. By way of emails in August and September 2016, NAVIENT confirmed to Plaintiff that she had paid off her loans in full and congratulated her for doing so.

18. In October 2016, Plaintiff began efforts to obtain a loan for a residential home mortgage loan.

19. Through the application process, Plaintiff discovered that NAVIENT has been reporting inaccurate information on her consumer credit reports regarding the student loan.

20. Plaintiff's TU report from October 2016 shows that Defendant is reporting that the account has an active balance in the amount of $276.00.

21. This reporting is not accurate, because Plaintiff paid her loan off in full and should be reporting as a $0.00 balance.

22. Plaintiff's Experian report from October 2016 shows that NAVIENT is reporting that the account was "included in or discharge through Bankruptcy Chapter 7, 11".

23. This reporting is not accurate, because Plaintiff did not include this account in any bankruptcy petition and she instead paid it off in full as described above.

24. NAVIENT knew or should have known that its reporting of the account described above was not accurate, because Defendant submitted multiple emails to Plaintiff in August 2016 thanking her and congratulating her for paying her loans in

4
**First Amended Complaint for Damages and Injunctive Relief**

1 full.

2  25. Plaintiff has been damaged because she has not been able to finish
3 pursuing the home loan that she desired.

4  26. By way of letter dated October 22, 2016, Plaintiff sent a letter directly to
5 Defendant TU to dispute the inaccurate reporting by NAVIENT that the account has a
6 balance in the amount of $276.00, and in this letter Plaintiff specifically informed TU
7 that she had paid the account off in full and the balance should be zero.

8  27. Defendant TU acknowledged to Plaintiff by way of written correspondence
9 dated November 23, 2016 that they had received her dispute and had completed its
10 investigation.

11  28. Defendant TU's November 23rd correspondence to Plaintiff confirmed that
12 TU had contacted NAVIENT and informed NAVIENT of the dispute and provided
13 NAVIENT with all relevant information and documents supplied to TU by Plaintiff.

14  29. However, Defendant TU's November 23rd correspondence shows that
15 NAVIENT verified the false reporting as accurate, that no change is being made to the
16 account, and that the NAVIENT account will continue to reflect a balance owed of
17 $276.00.

18  30. However, as stated above, this balance is undeniably inaccurate and false
19 because Plaintiff has correspondence from NAVIENT confirming that the account had
20 been paid in full and there is no balance owed on the account.

21  31. Plaintiff is informed and believes that Defendant TU failed to conduct a
22 reasonable investigation, because any review of NAVIENT's account records would
23 confirm that the account had been paid in full and there is no balance owed on the
24 account.

25  32. Plaintiff is informed and believes that Defendant NAVIENT failed to
26 conduct a reasonable investigation, because any review of NAVIENT's account records
27 would confirm that the account had been paid in full and there is no balance owed on
28 the account.

33. Upon information and belief, NAVIENT's violations of the above are willful, because NAVIENT was initially served with Plaintiff's lawsuit over the false and inaccurate reporting on 10-26-16, prior to NAIVENT being informed by TU of Plaintiff's dispute of the reporting, and NAVIENT has therefore knowingly and deliberately ignored its obligation to update its reporting of the account with TU to reflect the accurate information that the account had been paid in full and has a zero balance.

34. Upon information and belief, TU's violations of the above are willful, because TU knows that it is not permitted to simply "parrot" the verification provided to it from any furnisher and that it must instead conduct a fairly searching inquiry into the dispute and do more than just accept the furnisher's bald and unsubstantiated affirmation of the information being disputed, yet TU did exactly that.

35. Plaintiff has been damaged by way of mental anguish and emotional distress over the thought that she is someone who actually paid her debt in full to NAVIENT yet NAVIENT has mistreated her by submitting grossly inaccurate reporting, and this has been further compounded which has caused her anger, nervousness, embarrassment, loss of sleep, and feelings of distraught and helplessness.

**FIRST CAUSE OF ACTION**
**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**Calif. Civ. Code § 1785.25(a)**
**AS AGAINST DEFENDANT NAVIENT ONLY**

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

37. As the furnisher of information to credit reporting agencies, NAVIENT is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

6
**First Amended Complaint for Damages and Injunctive Relief**

38. Because NAVIENT reported to the consumer credit reporting agency TU in at least October 2016 the unequivocally false information that she still has an active balance on the account, NAVIENT has thereby violated its obligations under Calif. Civ. Code § 1785.25(a).

39. Because NAVIENT reported to the consumer credit reporting agency Experian Information Solutions in at least October 2016 the unequivocally false information that the account was included in Bankruptcy, NAVIENT has thereby violated its obligations under Calif. Civ. Code § 1785.25(a).

40. Plaintiff is informed and believes that NAVIENT's violations as described above were knowing and willful because NAVIENT provided her with email communications thanking her for paying her loans in full, and because NAVIENT was served with Plaintiff's initial lawsuit concerning the false and inaccurate reporting on 10-26-16 but has utterly failed to take corrective action with respect to the false reporting on her TU report.

41. Plaintiff has suffered actual damages as described in the factual allegations above.

**SECOND CAUSE OF ACTION**
**FEDERAL FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681s-2(b)**
**AS AGAINST DEFENDANT NAVIENT ONLY**

42. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

43. As the furnisher of information to credit reporting agencies, NAVIENT is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA.

44. Plaintiff submitted a written disputes to the consumer credit reporting agency TU dated October 22, 2016, 2015 as to NAVIENT's manner of reporting a balance of $276.00.

45. In response to Plaintiff's written dispute, Plaintiff received confirmation from TU that TU had forwarded the dispute to NAVIENT so that NAVIENT could conduct a re-investigation of the reporting of the account.

46. However, by written correspondence dated November 23, 2016, TU informed Plaintiff that TU had verified the false reporting as accurate, that no change is being made to the account, and that the NAVIENT account will continue to reflect a balance owed of $276.00.

47. Therefore, Plaintiff is informed and believes that NAVIENT failed to conduct a reasonable investigation of their reporting in response to TU's notification of the written dispute, as required by 15 U.S.C. § 1681s-2(b), because all NAVIENT had to review was the final documents in its account history to confirm that the account had been paid in full and has no balance owed.

48. Plaintiff is informed and believe that NAVIENT's re-investigation procedure violations were negligent at a minimum, because a reasonable person would have simply reviewed the account documents to confirm whether a balance was owed, yet NAVIENT failed to undertake that simple task.

49. Plaintiff is also informed and believes that NAVIENT's re-investigation procedure violations were willful, in that they disregarded a high degree of risk that their refusal to simply review the account history documents would result in their verifying false and inaccurate information, especially considering the fact that NAVIENT was personally served with Plaintiff's initial lawsuit on 10-26-16 concerning the false and inaccurate reporting.

50. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

///

///

///

///

8

**First Amended Complaint for Damages and Injunctive Relief**

# THIRD CAUSE OF ACTION
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.16
### AS AGAINST TU ONLY

51. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

52. As the credit reporting agency, Defendant TU has always been required to comply with California Civil Code § 1785.16(a)-(b) of the California CCRA.

53. Plaintiff is informed and believes that Defendant TU violated California Civil Code § 1785.16(a)-(b) of the California CCRA after she lodged a written dispute with TU in October 2016 by failing to conduct a reasonable re-investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting since Defendant TU simply asked NAVIENT to verify the disputed information and then simply "parroted" NAVIENT's bald and unsubstantiated verification that is unequivocally false.

54. Plaintiff is informed and believes that TU's re-investigation procedure violations were negligent at a minimum, because a reasonable person would have reviewed the account history to determine whether a balance was actually owed upon the account.

55. Plaintiff is also informed and believes that TU's re-investigation procedure violations were willful, in that TU disregarded a high degree of risk that its failures to provide Plaintiff with accurate re-investigation scrutiny would violate her rights under the CCCRAA.

56. As a result, Plaintiff has suffered actual damages, mental anguish, and emotional distress as explained in the statement of facts above.

///

///

9
**First Amended Complaint for Damages and Injunctive Relief**

# FOURTH CAUSE OF ACTION
## FEDERAL FAIR CREDIT REPORTING ACT
### 16 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A); and 1681e(a), (b)
### AS AGAINST DEFENDANT TU ONLY

57. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

58. As the credit reporting agency, Defendant TU has always been required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) and 1681e(a) & (b) of the Federal FCRA.

59. Plaintiff is informed and believe that Defendant TU violated 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) of the Federal FCRA after she lodged a written dispute with TU in October 2016 by failing to conduct a reasonable re-investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting since Defendant TU simply asked NAVIENT to verify the disputed information and then simply "parroted" NAVIENT's bald and unsubstantiated verification that is unequivocally false.

60. Plaintiff is informed and believes that TU's re-investigation procedure violations were negligent at a minimum, because a reasonable person would have reviewed the account history to determine whether a balance was actually owed upon the account.

61. Plaintiff is also informed and believes that TU's re-investigation procedure violations were willful, in that TU disregarded a high degree of risk that its failures to provide Plaintiff with accurate re-investigation scrutiny would violate her rights under the FCRA.

62. As a result, Plaintiff has suffered actual damages, mental anguish, and emotional distress as explained in the statement of facts above.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages as follows:

1. Actual damages in the amount of $75,000.00, or as the jury may allow, for all Defendants' negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);

2. Actual damages in the amount of $75,000.00, or as the jury may allow, plus punitive damages of $100.00-$5,000.00 for every willful violation of Calif. Civ. Code § 1785.25(a) by all Defendants, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

3. Injunctive relief to order all Defendants to remove the report from Plaintiff's consumer credit reports, pursuant to Calif. Civ. Code § 1785.31(b);

4. Actual damages in the amount of $75,000.00 individually, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) of the Federal FCRA as against all Defendants;

5. Plus statutory punitive damages in the amount of $1,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(1)(A) of the Federal FCRA as against all Defendants;

6. Any reasonable attorney's fees and costs to maintain the instant action pursuant to 15 U.S.C. §§1681n and 1681o of the Federal FCRA, and Calif. Civ. Code §§1785.31(d) of the Calif. CCRAA.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

SEMNAR & HARTMAN, LLP

DATED: 12/9/2016

/s/ *Jared M. Hartman*
JARED M. HARTMAN, ESQ.
Attorneys for Plaintiff